IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HENRY WILLIAMS,

    Plaintiff,

v.                                                 CASE NO. 5:11-cv-378-MP-GRJ

CULPEPPER, et al..,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Simmons' Motion To Partially Dismiss. (Doc. 35.) Defendant Simmons requests the Court to dismiss Plaintiff's official capacity claim against her because the official capacity claim for damages is barred by the Eleventh Amendment. While Plaintiff has not had an opportunity to file a response there is no good reason to wait for a response in view of the fact that the law bars Plaintiff's claims against the Defendant in his official capacity. Accordingly, Defendant Simmons' Motion to Partially Dismiss is due to be granted.

## DISCUSSION

Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC"), alleges that in June 2011 in the dining hall at Apalachee Correctional Institution – East Unit, Plaintiff was attacked by an unidentified inmate, who hit Plaintiff with an object knocking him out and then slashed Plaintiff's face with a home-made knife. Plaintiff alleges that Sgt. Simmons – who was present when the attack occurred – failed to appropriately and professionally to prevent the attack, in violation of Plaintiff's

Eight Amendment Rights. Plaintiff requests damages against Sgt. Simmons both in her official and individual capacity. Defendant requests dismissal only of Plaintiff's claims against her in her official capacity.

The law is well settled that a suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v Michigan Dep't. Of State Police*, 491 U.S. 58, 71 (1989). Therefore, under the Eleventh Amendment when state officials are sued for damages in their official capacity – as Plaintiff alleges in paragraph VII of his First Amended Complaint[1] – the state officials are immune from suit in federal court. *Jackson v. Georgia Dep't. Of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). Accordingly, Plaintiff's official capacity claim (but not Plaintiff's individual capacity claim) against Defendant Simmons is due to be dismissed.

For the foregoing reasons it is respectfully **RECOMMENDED** that Defendant Simmons' Motion To Partially Dismiss (Doc. 35) should be **GRANTED** and Plaintiff's official capacity claim against Defendant Simmons should be **DISMISSED**.

**IN CHAMBERS** this 16th day of October 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

---

[1] Doc. 5, p. 11. ¶VII.