IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HENRY WILLIAMS,

    Plaintiff,

v.                                                                   CASE NO. 5:11-cv-378-MP-GRJ

CULPEPPER, et al..,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Culpepper's and Sinclair's Motion To Partially Dismiss. (Doc. 18.) Defendants Culpepper and Sinclair request the Court to dismiss Plaintiff's amended complaint (Doc. 5) for failure to state a claim against either of these defendants. Plaintiff has filed a response in opposition. (Doc. 25.) For the reasons discussed below, Defendant Culpepper's and Sinclair's Motion to Dismiss is due to be granted in part and denied in part.

### I. BACKGROUND

Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC"), alleges that in June 2011 in the dining hall at Apalachee Correctional Institution – East Unit, Plaintiff was attacked by another inmate, who hit Plaintiff in the head with an object and then slashed Plaintiff's face with a homemade knife. As a result of the attack, Plaintiff suffered five cuts to his face and received 250 stitches in a lengthy surgery. Plaintiff alleges that Sgt. Helen Sinclair failed to intervene in the attack, in violation of Plaintiff's Eight Amendment Rights. Plaintiff seeks damages

against Sgt. Sinclair in both in her official and individual capacity. Plaintiff makes similar allegations and seeks similar relief against Sgt. Simmons, also present during the attack, though the official capacity claims against Defendant Simmons have already been dismissed. (Docs. 36, 39.) As to Defendant Culpepper, Warden at Apalachee C.I., Plaintiff does not name him in his statement of facts and does not request relief from Warden Culpepper. Plaintiff has, however, named Warden Culpepper as a defendant. (Doc. 5.)

## II. DEFENDANTS' MOTION TO DISMISS

Defendants Culpepper and Sinclair allege that Plaintiff has failed to state a claim against either Defendant in their individual capacities; they are both immune from suit in their official capacities; and they are entitled to qualified immunity from damages in their individual capacities. (Doc. 18.)

## III. STANDARD OF REVIEW

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, . ___U.S. ___, 129 S.Ct. 1937, 1950 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[1]

## IV. DISCUSSION

### A. Official Capacity Claims

The law is well settled that a suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v Michigan Dep't. Of State Police*, 491 U.S. 58, 71 (1989). Therefore, under the Eleventh Amendment when state officials are sued for damages in their official capacity

---

[1] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

– as Plaintiff alleges in paragraph VII of his First Amended Complaint[2] – the state officials are immune from suit in federal court. *Jackson v. Georgia Dep't. Of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). Accordingly, Plaintiff's official capacity claims against Defendants Culpepper and Sinclair are due to be dismissed.

## B.  Individual Capacity Claims against Warden Culpepper

Plaintiff has not alleged in his amended complaint that Warden Culpepper personally participated in depriving him of his constitutional rights, and offers no explanation in his response to the motion to dismiss as to why Warden Culpepper should not be dismissed from the case. In fact, Plaintiff fails to identify Warden Culpepper at all in his statement of facts or request for relief. To the extent Plaintiff alleges Warden Culpepper is vicariously liable for the acts of Sgts. Simmons or Sinclair, such a claim is due to be dismissed. Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. In order to be liable, the claimant must show that the official "personally participate[d]" in the act or there was "causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). The amended complaint is devoid of such allegations and accordingly, the individual capacity claims against Warden Culpepper are due to be dismissed.

## C.  Individual Capacity Claims against Sgt. Sinclair

Plaintiff alleges that the circumstances surrounding the attack were as follows:

---

[2] Doc. 5, p. 11. ¶VII. Plaintiff does not specifically name Warden Culpepper in the prayer for relief, but to the extent he intends to seeks damages against Warden Culpepper in his official capacity, his claims are due to be dismissed.

he sat down to eat in the dining hall and heard Sgt. Simmons yelling at an inmate - located behind Plaintiff- to walk the other way. When Plaintiff turned around to see who Sgt. Simmons was talking to, he was struck in the face with a hard object and then attacked in the face with a homemade knife. Sgt. Sinclair was 30-40 feet from Plaintiff when Sgt. Simmons began yelling. Sgt. Sinclair also told the attacker to stop and walk the other way as he was walking in Plaintiff's direction. Sgt. Sinclair was monitoring the chow serving line at the time of the attack.

Plaintiff alleges that Sgt. Sinclair failed to intervene in the attack and should have used chemical agents and her body alarm earlier. Other officers came to the dining hall in response to yelling and screaming by inmates in the dining hall, and a Sgt. Mack and Officer Marshall transported Plaintiff to the hospital. At the hospital, Sgt. Mack told the doctor that when he entered the dining hall, Sgts. Simmons and Sinclair were standing by, letting the other inmate attack Plaintiff. (Doc. 5.) In his response to the motion to dismiss, Plaintiff clarifies that Sgt. Sinclair was 30-40 feet away when Sgt. Simmons began yelling at the attacker, but advanced to within 5-10 feet of the incident and failed to intervene.[3] (Doc. 25.)

Prison officials have a duty to protect prisoners from each other, and "'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan,* 511 U.S. 825, 828-29 (1994). In order to constitute "deliberate indifference," the prison official must have subjective knowledge of the risk

---

[3]Plaintiff provides relevant, additional factual material in his response in opposition (Doc. 25.) In light of Plaintiff's *pro se* status, the undersigned construes the additional facts regarding Sgt. Sinclair's actions during the attack as a supplement to his amended complaint (Doc. 5).

of serious harm and must fail to reasonably respond to the risk. *Id*. at 837-38. "Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence . . . However, in order for liability to attach, the officers must have been in a position to intervene." *Terry v. Bailey*, 376 Fed. Appx. 894, 896 (11th Cir. 2010) (citing *Ensley v. Soper,* 142 F.3d 1402, 1407 911th Cir. 1998). An officer who fails to intervene in a fight between inmates can only be held liable if she "was physically able and had a realistic chance to intervene and act in time to protect the inmate Plaintiff." *Glispy v. Raymond*, 2009 WL 2762636 (S.D. Fla. Aug. 28, 2009); *see also Terry,* 376 Fed. Appx. at 896 (finding that Plaintiff did "not allege facts indicating that the duration of the fight or the position of the guards were such that the guards would have been in a 'position to intervene.'").

Plaintiff's claim against Sgt. Sinclair is that once she heard Sgt. Simmons yelling and saw the attack, she failed to intervene. Plaintiff contends that Sgt. Sinclair moved from 30-40 feet away to 5-10 feet away during the incident but stood by with Sgt. Simmons and watched him be attacked. Plaintiff further alleges that he heard another officer tell a doctor that Sgts. Simmons and Sinclair stood by and did nothing while Plaintiff was being attacked. (Docs. 5, 25.)

Liberally construing Plaintiff's *pro se* complaint, and taking all of its factual allegations as true, Plaintiff has asserted a facially satisfactory claim for deliberate indifference. Plaintiff alleges that Sgt. Sinclair was standing nearby when the attack began, moved to within a few feet of the attack, but failed to intervene (i.e., sound her body alarm, administer chemical agents, etc.) Sgt. Sinclair's alleged failure to intervene, standing by while observing an inmate being attacked by another inmate with

a shank, may constitute deliberate indifference to a substantial risk of serious harm. As the case proceeds, Plaintiff will have the burden to demonstrate that Sgts. Sinclair and Simmons were in a position to intervene but failed to do so.

## V.  CONCLUSION

For the foregoing reasons it is respectfully **RECOMMENDED** that Defendant Culpepper's and Sinclair's Motion to Dismiss (Doc. 18) should be **GRANTED** in part and **DENIED** in part.  All of Plaintiff's claims against Defendant Culpepper should be **DISMISSED**.  Plaintiff's official capacity claims against Defendant Sinclair should be **DISMISSED**.  The only claims remaining in this case are the individual capacity claims against Defendants Simmons and Sinclair.

**IN CHAMBERS** this 28th day of December 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.