IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HENRY WILLIAMS,

    Plaintiff,

v.                                                         CASE NO. 5:11-cv-378-MP-GRJ

SIMMONS AND SINCLAIR,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 78, Plaintiff's "Motion for Sanctions Against the Defendants for Violating the Court's Discovery Order (Doc. 48) and for Violating Plaintiff's Right to Conduct Discovery." Plaintiff's motion is more properly construed as a motion to compel Defendants to respond to a Second Request for Production of Documents and a motion for the Court to deem Plaintiff's Requests for Admissions as admitted by Defendants.

Defendants have filed a response in opposition (Doc. 79), wherein they (1) continue to assert their objections that the Request for Production of Documents was untimely but concede that the documents requested are either in Plaintiff's possession or do not exist; and (2) concede that they did not timely respond to the Requests for Admission but move the Court to withdraw the admissions deemed admitted and substitute with the answers they untimely served.

This case involves claims by Plaintiff that Defendants unconstitutionally failed to intervene when he was attacked by another inmate in the dining hall in June 2011 at Apalachee C.I. (Doc. 5.) The discovery period has concluded, and Defendants have a motion for summary judgment currently pending before the Court. (Doc. 79.)

**Request for Production**

The discovery deadline in this case was July 11, 2013. (Doc. 48.) On June 11, 2013, Plaintiff provided to prison officials for mailing a Second Request for Production of Documents. (Doc. 79, Exh. F.) On July 11, 2013, Defendants tendered objections to Plaintiff's Second Request for Production because he provided them with only 30 days, rather than the full 33 days–30 days described in Fed. R. Civ. P. 34(b)(2)(A) plus an additional 3 days for mailing pursuant to Rule 6(d). Notably, Defendant put forth no objections to the substance of the requests. Rather, the only objection was that the requests were not timely served. Plaintiff argues that his ability to engage in discovery and seek an extension of the discovery deadline was prejudiced because Plaintiffs waited until the close of discovery to serve their objections. Plaintiff asserts that Defendants should have also tendered their objections with a three-day mailing window so that he would receive them prior to the close of discovery. (Doc. 79.)

The Court finds that Defendants are correct that Plaintiff's discovery requests were not technically timely served under the Federal Rules of Civil Procedure. However, in light of Plaintiff's *pro se* status, and the fact that he served the discovery requests a full 30 days prior to the close of discovery, the Court finds that some flexibility is warranted. The Court notes that Plaintiff's four requests for documents are focused, narrow, and straightforward, and that Defendants have made no objection to the substance of these requests. The Court further notes that the information Plaintiff seeks could be essential to his claims. Finally, Defendant has presented no argument whatsoever that complying with Plaintiff's discovery requests would cause her any prejudice or hardship. To the contrary, Defendants have included responses to the

Request for Production in their response to the motion for sanctions. (Doc. 79, p. 8.)

Specifically, Defendants state that: (1) no recordings of the assault on Plaintiff exist; (2) there are no documents responsive to Plaintiff's request for information regarding officers assigned to an "alpha response team" or "rapid response team"; (3) there are no recorded statements of Defendants regarding the incident, but the written statements are attached to Defendants' motion for summary judgment; and (4) photographs of Plaintiff's injuries are attached to his attacker's disciplinary report, which is attached as an exhibit to Defendants' motion for summary judgment. Because the documents responsive to Plaintiff's Request for Production either do not exist or are included in his service copy of the motion for summary judgment (which was served on August 14, 2013), the Court will not require Defendants to serve Plaintiff with a separate response. However, with regard to this aspect of Plaintiff's motion to compel discovery, Plaintiff's motion is due to be granted in part. Plaintiff's request that the Court not allow Defendants to oppose the severity of Plaintiff's injuries is due to be denied.

**Requests for Admission**

Next, Plaintiff seeks as a "sanction" that his 25 Requests for Admission be deemed admitted because Defendants did not timely respond. Rule 36(a)(3) of the Federal Rules of Civil Procedure – the rule authorizing the service of requests for admissions – provides: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Thus, a party is required to serve responses to a request for admissions within 30 days (plus three additional days for service by mail, Fed. R. Civ. P. 6(d)).

Defendants concede that Plaintiff served the Requests for Admission on June 3, 2013 and that they did not respond until July 23, 2013, well past the deadline. (Doc. 79, pp. 2-3.) Counsel for Defendants states that he inadvertently failed to respond to the requests and was not aware of this failure until he received Plaintiff's "Notice of Intent to Use Admissions" on July 22, 2013. Accordingly, he served Defendants' answers the following day, without objection. On August 5, 2013, Plaintiff mailed Defendants a "Notice of Rejection of Admissions" as untimely. (*Id.* at Exh. E.) Plaintiff seeks a Court order declaring what has already happened by operation of law–the requests were deemed admitted. Defendants move the Court to permit them to withdraw and amend the admissions.

The Eleventh Circuit has held that district courts should apply a two-prong test in deciding whether to grant or deny a motion to withdraw or amend admissions. *Smith v. First Nat'l Bank,* 837 F. 2d 1575, 1577 (11th Cir. 1988). First, the court considers whether the withdrawal will subserve the presentation of the merits of case. Second, the court determines "whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002).

As to the first part of the test, it looks to "the importance of having the action resolved on the merits," *Smith*, 837 F. 2d at 1577, and is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case," *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). In the instant case, the admissions include items that would, as Defendants argue, "effectively eliminate Defendants' presentation of their version of events in this proceeding." (Doc. 79, p. 6.)

Specifically, requests 1, 10, 11, 12, 13, and 24 would have Defendants admit that the attack lasted more than one minute; Defendants stood by while Plaintiff was being attacked; Defendants did not advise the Officer in Charge of the attack; Defendants did not notify other officers assigned to the dining hall that Plaintiff was being attacked; Defendants maintained control over the immediately proximate inmate population in the dining hall; and Defendant Simmons' use of force report is inaccurate. (Doc. 79, Exh. C.) Because withdrawal of the admissions would aid in development of the case on the merits, the Court finds that Defendants have satisfied the first part of the two-part test.

As to the second prong of the test, the Court must determine whether the non-moving party (in this case, Plaintiff is the non-moving party because Defendants have moved to withdraw the admissions) would be prejudiced by the withdrawal or amendment of the admissions. The Eleventh Circuit has stated:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to questions previously answered by the admissions.

*Smith*, 837 F.2d at 1578 (quoting *Brook Village N. Assoc. v. Gen. Elec. Co.,* 686 F. 2d 66 (1st Cir. 1982)). In the instant case, Plaintiff has not demonstrated that this type of prejudice will occur if the Court permits Defendants to withdraw the admissions. Furthermore, Plaintiff's response to the Motion for Summary Judgment (Doc. 87) does not even reference the admissions, but does include 23 exhibits in support of his response. Plaintiff has been aware since the beginning of the case–and evidenced this awareness in his response to the motion for summary judgment–that the case would turn on his ability to prove that Defendants failed to intervene. Accordingly, he will not

be prejudiced under the meaning of the second prong of the test if the Court allows Defendants to withdraw their admissions.

Having satisfied both parts of the two-part test, Plaintiff's motion as to the requests for admission is due to be denied, and Defendants' motion to withdraw and substitute to their responses to the Requests for Admission is due to be granted.

Upon due consideration, it is **ORDERED** that:

1. Plaintiff's Motion for Sanctions (Doc. 78), construed as a motion to compel, is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent that the Court finds Plaintiff is entitled to responses to Plaintiff's Request for Production of Documents. However, the Court finds that no further action by Defendants is necessary in light of their responses contained in their response to the motion to sanctions (Doc. 79, p. 8).

2. Defendants' request to withdraw the admissions that were deemed admitted by operation of law due to their untimely response (Doc.79) is **GRANTED.** Defendants' responses to the Requests for Admission provided to Plaintiff on July 24, 2103 (Doc. 79, Exh. C) are hereby substituted for the admissions.

**DONE AND ORDERED** this 2nd day of October 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge